KEITH A. WEAVER
Nevada Bar No. 10271
Keith.Weaver@lewisbrisbois.com
ALISSA N. BESTICK
Nevada Bar No. 14979
Alissa.Bestick@lewisbrisbois.com
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendant Salisheaun Garcia, RN*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BROWN,<br><br>        Claimant,<br><br>        vs.<br><br>Nevada Department of Corrections,<br><br>        Respondents. | Case No. 3:24-cv-00212-ART-CLB<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT SALISHEAUN GARCIA, R.N. AND FOR REMOVAL FROM THE CM/ECF SERVICE LIST** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

168980344.1

Keith A. Weaver ("Attorney Weaver"), Alissa N. Bestick ("Attorney Bestick"), and their law firm Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois") hereby files this Motion to Withdraw as Counsel of Record for Defendant Salisheaun Garcia, R.N. ("Nurse Garcia") and to be removed the CM/ECF service list for this case pursuant to LR IA 11-6. With this Motion, counsel requests an order from this Honorable Court allowing them and their firm to withdraw as counsel of record for Nurse Garcia, as Nurse Garcia is now represented by the Office of the Attorney General of the State of Nevada.

This Motion is based on the following Memorandum of Points and Authorities. the pleadings and papers on file with this Court, and any oral arguments this Honorable Court is willing to entertain at the time of the hearing of this matter.

DATED this 12th day of January, 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By   /s/ Alissa Bestick
KEITH A. WEAVER
Nevada Bar No. 10271
ALISSA N. BESTICK
Nevada Bar No. 14979
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Salisheaun Garcia, RN*

168980344.1

2

**DECLARATION OF ALISSA N. BESTICK, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT SALISHEAUN GARCIA, RN AND FOR REMOVAL FROM THE CM/ECF SERVICE LIST**

I, Alissa N. Bestick, Esq., do declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an attorney duly licensed to practice in the State of Nevada, and an attorney at the law firm of LEWIS BRISBOIS BISGAARD & SMITH, LLP, which has been retained to represent the interests of Defendant Salisheaun Garcia, RN. in the matter of *Brown v. Nevada Department of Corrections, et al.* Case No. 3:24-cv-00212-ART-CLB . I have personal knowledge of the content of this Declaration, and I am competent to testify thereto if called upon to do so.

2. The facts set forth in this Motion are true and correct to the best of my knowledge, information, and belief.

3. Attached as **Exhibit A** is a true and correct copy of the Docket for *Brown v. Nevada Department of Corrections, et al.* for 3:24-cv-00212-ART-CLB.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Alissa N. Bestick
Alissa N. Bestick

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Attorney Weaver, Attorney Bestick, and Lewis Brisbois were retained to represent Nurse Garcia regarding the claims in this case. However, Nurse Garcia has retained the services of the Nevada Office of the Attorney General, who is now actively defending Nurse Garcia in this case. Accordingly, Attorney Weaver, Attorney Bestick, and Lewis Brisbois respectfully request that this Court permit them to withdrawal as counsel of record for Nurse Garcia and remove them from the CM/ECF service list from this case. Nurse Garcia's interests will be protected, no delay will result, and good cause otherwise exists to permit the requested relief.

## II. GOOD CAUSE EXISTS TO PERMIT ATTORNEY WEAVER, ATTORNEY BESTICK, AND LEWIS BRISBOIS TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT SALISHEAUN GARCIA, R.N. , M.D.

"[A]n attorney cannot withdraw from a case without consent of the court." *See e.g. Harris v. Diamond Dolls of Nevada, LLC,* No. 3:19-cv-00598-RCJ-CBC, 2023 WL 6059667, at *3 (D. Nev. Sept. 18, 2023) (quoting *Lavvorn v. Johnston,* 118 F.2d 704, 706 (9th Cir. 1941)). Further, "[c]ourts maintain the discretion to grant or deny a motion to withdraw as counsel." *Id.* (citation omitted).

Rule 11-6 of the United States District Court for the District of Nevada's Local Rule of Practice states in pertinent part:

> (b) If an attorney seeks with withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.
>
> * * *
>
> (e) Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

LR IA 11-6(b) & (e); see also Harris, 2023 WL 6059667 at *3.

In addition, Rule 1.16 of the Nevada Rules of Professional Conduct governs the termination of representation. NRPC 1.16 states in pertinent part:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> \* \* \*
>
> . . . or
>
> (7) Other good cause for withdrawal exists.
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
>
> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

NRCP 1.16(b)(1), (b)(7), (c), & (d).

Here, Nurse Garcia, as a present or former State officer, employee, or contractor of the State of Nevada, has obtained Defense Counsel through the Office of the Attorney General of the State of Nevada. Currently, Nurse Garcia is being represented by counsel from the Office of the Attorney General. *See* **Exhibit A** (indicating that Nurse Garcia is represented by the Office of the Attorney General); *see also* **ECF No. 104** at p. 1, n.1 (wherein all parties and the Magistrate Judge entered a Stipulation and Order stating that "[a]ttorneys D. Randall Gilmer, Esq. and Victoria C. Corey, Esq. of the Attorney General's Office represent . . . Salisheaun Garcia, R.N. [.]").

Although Attorney Weaver, Attorney Bestick, and Lewis Brisbois are still currently listed as additional counsel for Nurse Garcia, they are no longer actively participating in

Nurse Garcia's defense and good cause exists to permit them to withdraw from this case. Pursuant to LR IA 11-6(b), counsel has served this Motion on Nurse Garcia in order to give her the requisite opportunity to respond; however, based on her request for and current representation by the Nevada Office of the Attorney General, counsel anticipates that she will not object to counsel's request.

Although "[w]ithdraw[al] has been denied where the court finds that withdrawal would work an injustice or cause undue delay[,]" no such circumstances exist here. *See e.g. Harris,* 2023 WL 6059667 at *3 (citation and internal quotation marks omitted). As noted, Nurse Garcia already has active representation through the Nevada Office of the Attorney General and no delay will be incurred as a result of counsel's withdrawal. Similarly, no delay will result with respect to discovery, the trial, or any hearing in this case as any deadlines imposed on Nurse Garcia are being handled by her current counsel and the parties.

Because Nurse Garcia already has active replacement counsel, the requested withdrawal can be accomplished without material adverse effects on Nurse Garcia's interests. Indeed, Nurse Garcia's interests have already been taken over by the Attorney General, who is actively participating in Nurse Garcia's defense.

Accordingly, Attorney Weaver, Attorney Bestick, and Lewis Brisbois respectfully request that this Court grant their request to withdraw as counsel for Nurse Garcia and permit the Nevada Office of the Attorney General to continue with its representation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. CONCLUSION

Based on the foregoing, Attorney Weaver, Attorney Bestick, and Lewis Brisbois respectfully request that this Court grant their request to withdraw as counsel for Nurse Garcia and to remove them from the CM/ECF service list for this case.

DATED this 12th day of January, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By     /s/ Alissa Bestick
KEITH A. WEAVER
Nevada Bar No. 10271
ALISSA N. BESTICK
Nevada Bar No. 14979
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Salisheaun Garcia, RN*

**IT IS SO ORDERED.**

**DATED:** January 13, 2026.

_____
UNITED STATES MAGISTRATE JUDGE