UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER BROWN,<br>Plaintiff,<br>v.<br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br>Defendants. | Case No. 3:24-cv-212-ART-CLB<br>ORDER ON MOTION FOR REOPENING DISCOVERY (ECF No. 55) and APPOINTMENT OF COUNSEL (ECF No. 56) |

Plaintiff moved to reopen discovery on February 10, 2026, (ECF No. 55) and for appointment of counsel on February 19, 2026 (ECF No. 56.) On July 30, 2026, this Court adopted Judge Baldwin's report and recommendation ("R&R") and denied Defendants' Motion for Summary Judgment. (ECF No. 59.) Pursuant to that order, Plaintiff's motion to reopen discovery is denied as moot.

The Court grants Plaintiff's motion for appointment of counsel (ECF No. 56) for the purposes of engaging in settlement negotiations and, if no settlement is reached, to represent Plaintiff at trial. In limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. In light of changed circumstances, specifically Plaintiff's now-imminent jury trial, the Court finds that exceptional circumstances now justify the appointment of counsel. To determine whether exceptional circumstances exist, a court must consider: (1) the likelihood of success on the merits; and (2) the ability of the petitioner to articulate their claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff will be proceeding on one claim for deliberate indifference to medical needs under 42 U.S.C. § 1983. Based on the Court's review of the record there is a likelihood of success on the merits. While Plaintiff represented himself

during the initial phases of this case, trying his case to a jury is a significantly more complex undertaking. The experience of taking a claim through jury trial is not part of the "difficulties which any litigant would have in proceeding pro se[.]" *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Courts recognize that appointment of counsel at a jury trial may be justified even if the court declined to appoint counsel earlier in the case. *See Walker v. Price*, 900 F.3d 933, 939-942 (7th Cir. 2018) (district court erred in denying prisoner's pre-trial request for counsel at his jury trial). The assistance of counsel becomes increasingly important as litigation enters its later stages and the tasks become more complex. *Perez v. Fenolgio*, 792 F.3d 768, 785 (7th Cir. 2015) ("Taking depositions, conducting witness examinations, applying the rules of evidence, and making opening statements are beyond the ability of most pro se litigants to successfully carry out."). So, while a pro se plaintiff may be able to adequately articulate their claims on paper at the pretrial stage, presentation of evidence at trial requires greater knowledge of legal rules and procedures as well as increased technical skills in public speaking and presentation. Appointed counsel also can assist the court in handling the trial "more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

For these reasons, the Court finds that extraordinary circumstances now exist which merit the appointment of counsel for Plaintiff. As such, the Court will appoint pro bono counsel to represent Plaintiff for all purposes, including a settlement conference and trial.

## I. Conclusion

It is therefore ordered that Plaintiff's motion to reopen discovery (ECF No. 55) is DENIED as MOOT.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 56) is GRANTED.

It is further ordered that this case be referred to the Pro Bono Program for all purposes, including a settlement conference and trial. Counsel may choose to take this case for the settlement conference only or trial too, if the case does not settle. Counsel must inform Plaintiff and the Pro Bono Program Liaison regarding the scope of their representation when they agree to take the case.

Dated this 17th day of August, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE